UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMAR DANIELS,      ) | |
|                     ) | |
|      Petitioner,    ) | |
|                     ) | |
|   v.                ) | No. 1:20-cv-02811-TWP-DLP |
|                     ) | |
| DENNIS REAGLE,      ) | |
|                     ) | |
|      Respondent.    ) | |

**ENTRY DISMISSING ACTION WITHOUT PREJUDICE
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Daniels filed this petition for writ of habeas corpus on October 29, 2020, challenging a disciplinary proceeding in which he was found guilty of unauthorized possession of property belonging to another, B-215. Dkt. 1 at 1. He was allegedly sanctioned with a loss of 180 days of earned credit time and a credit class demotion. *Id.*

The respondent's motion for more definite statement was granted because due to Mr. Daniels' lengthy disciplinary history, without the date of the hearing or the case number of the proceeding, the respondent was unable to properly respond to the petition. Dkt. 8.  Mr. Daniels was ordered to provide the date of the hearing and the case number. *Id.* In response, he reported that he "do[es] not have the case number or hearing date of this case…" Dkt. 9 at 2. He requested that the respondent be ordered to provide him with a copy of his entire disciplinary record. *Id.* at 2-3.

In reply, on February 24, 2021, the respondent filed the petitioner's 28-page Offender Information System history of deprived earned credit time. Dkt. 10-1. To date, Mr. Daniels has failed to provide sufficient information to identify the proceeding he wishes to challenge in this case.

"Habeas corpus petitions must meet heightened pleading requirements…." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The petition must "specify all the grounds for relief available to the petitioner," and "state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to show cause why the writ should not be granted." *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (internal quotation omitted).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856 (citing Rule 4). Under these circumstances, the petition lacks sufficient basic facts, including the date and case number of the disciplinary proceeding challenged. If the petitioner, in the future, can provide enough facts to satisfy Rule 2(c), he may file a new petition. This action is **dismissed without prejudice.** Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 4/2/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov